# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

MARK GERTH,

                     Petitioner,          :     Case No. 1:16-cv-598

      - vs -                               District Judge Susan J. Dlott
                                         Magistrate Judge Michael R. Merz

JAMES HAVILAND, Warden,
   Correctional Institution,
                                      :

                     Respondent.

# REPORT AND RECOMMENDATIONS

      This is a habeas corpus case brought by Petitioner with the assistance of counsel pursuant to 28 U.S.C. § 2254. Petitioner seeks relief from his conviction in the Hamilton County Common Pleas Court and consequent confinement in Respondent's custody.

      Upon initial review of the Petition (ECF No. 1), Magistrate Judge Bowman ordered Respondent to file an answer (ECF No. 2). The Attorney General then filed the State Court Record ("SCR", ECF No. 5) and a Return of Writ (ECF No. 6). Gerth filed a Reply (ECF No. 10) and, with Court permission, Respondent filed a Response to the Reply (ECF No. 12). The reference was later transferred to the undersigned to help balance the Magistrate Judge workload in the Western Division (ECF No. 13).

**Factual Context**

The First District Court of Appeals on direct appeal provides the factual context for this

case:

> **[\*P1]** While fleeing from police in a stolen vehicle at high speeds, Mark Gerth crashed into a taxicab, killing its driver and passenger. . . .

> **[\*P2]** Officer Mark McChristian was on routine patrol in Over-the-Rhine, when he saw a red Toyota Rav4. He ran the plates for the Rav4, and discovered it had been reported stolen two days earlier. He followed the vehicle, while awaiting additional units to respond to the area. When he activated his emergency lights, the driver of the Rav4 pulled over to the curb. As Officer McChristian stepped out of his cruiser, the Rav4 took off.

> **[\*P3]** A high-speed chase ensued. Police in marked cruisers, with their emergency lights activated, chased the Rav4 at speeds ranging from 50 to 60 m.p.h. through residential streets with posted speed limits of 25 to 35 m.p.h. The pursuit lasted several minutes. During that time, the Rav4 sped through every stop sign and every red light, crossed left of center, and weaved in and out of cars.

> **[\*P4]** Ultimately, the Rav4, which had accelerated its speed and was traveling in excess of 75 m.p.h., ran a red light and crashed into two vehicles at the intersection of Eighth and Sycamore Streets in downtown [\*\*4] Cincinnati. The Rav4 hit the front end of the first vehicle before crushing a taxicab. It then hit a parking meter and caught fire. The driver, later identified as Mr. Gerth, rolled out of the Rav4 and attempted to flee from police on foot. But he was quickly apprehended and taken into custody. After being placed in custody, Mr. Gerth volunteered that his passenger did not know that the vehicle had been stolen.

> **[\*P5]** In the meantime, police had found the cab driver, Mohamed Ould Mohamed Sidi, who was still wearing his seat-belt, dead behind the wheel. His passenger, Tonya Hairston, had been ejected from the cab by the force of the impact. She was lying on the street underneath the cab. Ms. Hairston was transported from the scene by ambulance, but she died enroute to the hospital.

**[\*P6]** Mr. Gerth's passenger in the Rav4, Donald Evans, was injured and slumped over in the Rav4. He was pulled out of the vehicle and transported by ambulance to the hospital. Mr. Evans sustained fractures to his leg requiring surgery during his eight-day hospitalization.

**[\*P7]** Mr. Gerth, who had sustained injuries to his forehead, was also transported to the hospital. A blood test revealed he had alcohol, marijuana, and cocaine [\*\*5] in his system. A forensic toxicologist with the Hamilton County Coroner's Office testified that the amount of cocaine in Mr. Gerth's system would have affected his ability to drive. He noted that studies had shown that individuals with cocaine in their systems similar to the amount of cocaine in Mr. Gerth's system had been linked to high-risk driving behavior, including speeding, cutting off other drivers, and darting in and out of traffic.

*State v. Gerth,* 2013-Ohio-1751, 2013 Ohio App. LEXIS 1645 (1st Dist. May 1, 2013).

## Procedural History

Gerth was indicted by a Hamilton County grand jury on March 24, 2011, on two counts of murder, four counts of aggravated vehicular homicide, one count of aggravated vehicular assault, one count of vehicular assault, one count of failure to comply with an order or signal of a police officer, two counts of failure to stop and identify after an accident, and one count of receiving stolen property (Indictment, SCR, ECF No. 5, PageID 53). Gerth was appointed counsel twice. On March 22, 2012, he moved to discharge successor counsel and proceed pro se at trial, but the motion was denied. The jury found Gerth guilty on all charges and he was sentenced to a term of 48.5 years to life imprisonment.

Gerth's conviction was affirmed on direct appeal. *State v. Gerth*, 2013-Ohio-1751 (1st Dist. May 1, 2013), appellate jurisdiction declined, 136 Ohio St. 3d 1494 (2013). Gerth filed a

pro se petition for post-conviction relief under Ohio Revised Code § 2953.21, raising a claim of ineffective assistance of trial counsel with a number of sub-claims. The trial court denied relief and Gerth appealed. The First District found the trial court was without jurisdiction to entertain the post-conviction petition and dismissed the appeal. *State v. Gerth*, Case No. C-130062 (1st Dist. Feb. 19, 2014)(unreported, copy at SCR, ECF No. 5, PageID 221 et seq.). Gerth did not appeal to the Ohio Supreme Court.

Gerth filed a pro se application to reopen his direct appeal on July 25, 2013. The First District granted the application and appointed counsel who filed a brief on reopening on June 27, 2014, raising three assignments of error. The First District sustained the first two and rejected the third, remanding the case for resentencing. *State v. Gerth*, 2014-Ohio-4569, 2014 WL 4306631 (1st Dist. Oct. 17, 2014). Neither party appealed. On resentencing the trial court imposed a sentence of 45.5 years. Gerth appealed, the First District affirmed, and Gerth did not appeal further to the Ohio Supreme Court.

On January 13, 2015, through counsel who represents him in these habeas proceedings, Gerth filed a second application to reopen his direct appeal. The First District denied reopening (SCR, ECF No. 5, PageID 393 et seq.) and the Ohio Supreme Court declined jurisdiction. *State v. Gerth*, 143 Ohio St. 3d 1443 (2015).

Gerth filed his instant habeas petition on May 31, 2016, raising the following Grounds for Relief:

> **FIRST GROUND FOR RELIEF:** When an Ohio Court of Appeals reopens a direct appeal pursuant to Ohio App. R. 26(B)(5) and proceeds pursuant to Ohio App. R. 26(B)(7) as on an initial appeal with new appellate counsel representing the criminal

defendant, the defendant is constitutionally entitled to the effective assistance of new appellate counsel.

**SECOND GROUND FOR RELIEF:** Petitioner was denied the effective assistance of appellate counsel in violation of Petitioner's rights under the Fifth, Sixth, and Fourteenth Amendments to the Constitution.

I. The trial court erred, contrary to the Sixth and Fourteenth Amendments to the United States Constitution, in refusing to permit Petitioner to represent himself and in failing to conduct any inquiry as required under *Faretta v. California*, 422 U.S. 806 (1975).

II. The trial court erred in refusing to replace counsel contrary to Petitioner's rights to counsel and to due process of law as guaranteed by the Ohio and United States Constitutions.

III. The trial court improperly instructed the jury on causation in violation of Petitioner's due process rights guaranteed by the United States and Ohio Constitutions.

IV. Petitioner was denied the effective assistance of counsel during plea negotiations contrary to the Sixth and Fourteenth Amendments to the United States Constitution and corresponding rights under the Ohio Constitution.

V. The trial court erred in introducing statements and evidence that were obtained without a warrant and were not obtained knowingly, voluntarily, and intelligently contrary to the United States and Ohio Constitutions.

VI. Petitioner was deprived of the effective assistance of trial counsel in violation of Petitioner's rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and Section 10 and 16, Article I of the Ohio Constitution.

**THIRD GROUND FOR RELIEF:** The convictions against Petitioner constitute a denial of due process because they are based on legally insufficient evidence.

(Petition, ECF No. 1.)

# Analysis

Respondent asserts that all of Gerth's Grounds for Relief are procedurally defaulted for various reasons (Return, ECF No. 6, PageID 1090-1105).

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000)(citation omitted); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87. *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia*, 372 U.S. 391 (1963). *Coleman*, 501 U.S. at 724.

"A claim may become procedurally defaulted in two ways." *Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013), *quoting Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). First, a claim is procedurally defaulted where state-court remedies have been exhausted within the

meaning of § 2254, but where the last reasoned state-court judgment declines to reach the merits because of a petitioner's failure to comply with a state procedural rule. *Id.* Second, a claim is procedurally defaulted where the petitioner failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed because of a state procedural rule. *Id.*

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Guilmette v. Howes*, 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
>
> . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley*, 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002).

**First Ground for Relief: Right to a State Court Remedy for Ineffective Assistance of Counsel on a Reopened Appeal**

Petitioner's First Ground for Relief states only an abstract proposition of law, to wit, that the constitutional right to effective assistance of appellate counsel on a first appeal of right extends to the situation under Ohio law where a first appeal has been reopened. The Court does not understand Respondent to disagree with that proposition and the Court accepts it. The question is whether that right was violated.

On direct appeal, represented by attorney Bruce Hust, Gerth raised only one assignment of error – insufficiency of the evidence – with two sub-claims: (1) the evidence was insufficient to show Gerth acted knowingly as to his conviction for felonious assault and (2) the evidence was insufficient to convict Gerth of receiving stolen property when there was no evidence as to how he came to possess the vehicle in question (Appellant's Brief, SCR ECF No. 5, PageID 127).

In his Application to Reopen the direct appeal, Gerth asserted that Attorney Hust provided ineffective assistance of appellate counsel when he omitted three assignments of error: (1) Trial court denial of the right of self-representation in violation of *Faretta v. California*, 422 U.S. 806, 812-13 (1975); (2) ineffective assistance of trial counsel in several respects, including "failure to oppose the imposition of consecutive sentences for offenses of similar import resulting from a single animus"; (3) trial court error in failing to "merge all offenses resulting from a single incident with a single animus" in violation of Ohio Revised Code § 2941.25 and Gerth's constitutional right not to be placed twice in jeopardy for the same offense. (Application, SCR, ECF No. 5, PageID 241, et seq.)

In its Entry Granting Application to Reopen Direct Appeal, the First District held that, on omitted assignment of error three, "Gerth has sustained his burden of demonstrating a genuine issue as to whether he has a colorable claim of ineffective assistance of appellate counsel." (Entry, SCR ECF No. 5, PageID 262.)  The First District then reopened the direct appeal, appointed Attorney J. Thomas Hodges as counsel, and ordered briefing on (1) "the claim that prior appellate counsel's representation was prejudicially deficient," (2) "an assignment of error concerning the matter identified here as a ground for reopening," (3) "any other nonfrivolous assignment of error or argument not previously considered." *Id.* at PageID 263.

When Attorney Hodges filed Gerth's brief, he did not include the first two omitted assignments, i.e., the self-representation assignment or the ineffective assistance of trial counsel for failure to raise the similar import claim.  Instead, he raised assignments of error (1)  regarding the failure to merge issue (the assignment the First District had found colorable), (2) regarding consecutive sentencing, and (3) regarding denial of the right of confrontation (Brief, SCR, ECF No. 5, PageID 265-67)(the "First Set of Omitted Assignments of Error").  The First District sustained the first two assignments of error and overruled the third. *State v. Gerth*, 2014-Ohio-4569, 2014 WL 5306631 (1st Dist. Oct. 17, 2014).

Still believing that his first two omitted assignments of error had been omitted as the result of ineffective assistance of appellate counsel, Gerth filed a second Application to Reopen accusing Attorney Hodges of providing ineffective assistance of appellate counsel in omitting six assignments of error in the reopened appeal:  (1) the *Faretta* issue, (2) trial court refusal to replace one of his trial attorneys, (3) improper jury instruction on causation, (4) ineffective assistance of trial counsel in plea negotiations, (5) admission of unconstitutionally obtained evidence, and (6) ineffective assistance of trial counsel in twelve different ways, but **not**

including omitted assignment of error two (Application for Reopening, SCR, ECF No. 5, PageID

323, et seq.)(the "Second Set of Omitted Assignments of Error").

The First District refused to entertain this second Application, holding

> [T]his is Gerth's second App. R. 26(B) application to reopen this
> appeal. But App.R. 26(B) makes no provision for a successive
> application. *State v. Twyford*, 106 Ohio St.3d 176, 2005-Ohio-
> 4380, 833 N.E.2d 289, ¶ 6; *State v. Peeples*, 73 Ohio St.3d 149,
> 150, 652 N.E.2d 717 (1995). Moreover, the challenges that Gerth
> advances here to his appellate counsel's effectiveness in
> prosecuting his appeal either were or could have been raised in his
> first application. Therefore, the doctrine of res judicata bars him
> from presenting these challenges in this successive application.
> *Twyford* at ¶ 6; *State v. Cheren*, 73 Ohio St.:1d 137, 138, 652
> N.E.2d 707 (1995).

*State v. Gerth*, Case No. C-120392 (1ˢᵗ Dist. Apr. 13, 2015)(unreported; copy at SCR, ECF No.

5, PageID 393-94.)  Gerth appealed to the Ohio Supreme Court, asserting as his first proposed

Proposition of Law the claim he makes in Ground One, to wit, that he was entitled to effective

assistance of counsel on his reopened appeal.  His second proposed Proposition of Law asserted

the First District erred when it refused to reopen the direct appeal on his second application

(Memorandum in Support of Jurisdiction, SCR, ECF No. 5, PageID 398).

In his First Ground for Relief Gerth argues he was constitutionally entitled to a state court

decision on the merits of his second Application to Reopen.  The Court agrees with Petitioner

that this claim is not procedurally defaulted.  It was raised at the first opportunity Gerth had to

raise it, when he filed his second Application.  He then pursued it to the Ohio Supreme Court as

detailed above.

However, the claim is without merit.  Gerth points to no clearly established Supreme

Court precedent which mandates that States provide criminal defendants with a second

opportunity to raise ineffective assistance of appellate counsel claims.  He relies generally on

*Evitts v. Lucey*, 469 U.S. 387 (1985)(Reply, ECF No. 10, PageID 1131), but *Evitts* contains no such holding. Rather, *Evitts* holds that an indigent criminal defendant is entitled to appointed counsel who must provide effective assistance. But one cannot infer from that holding that a defendant is entitled to a second state forum to raise ineffective assistance of appellate counsel claims. Indeed, the Supreme Court has held since *Evitts* that post-conviction state collateral review is not a constitutional right, even in capital cases. *Murray v. Giarratano*, 492 U.S. 1 (1989); *Pennsylvania v. Finley*, 481 U.S. 551 (1987). Indeed, the Court has held that there is no federal constitutional right to appeal criminal verdicts for error review. *McKane v. Durston*, 153 U.S. 684 (1894), cited as still good law in *Lopez v. Wilson*, 426 F.3d 339, 355 (6th Cir. 2005); *Halbert v. Michigan*, 545 U.S. 605 (2005). Gerth concludes that he "**must** have a remedy to vindicate his constitutional rights." (Reply, ECF No. 10, PageID 1131, emphasis sic.) That remedy in this case is a petition for habeas corpus relief in federal court. Because habeas corpus is available only to correct federal constitutional violations, 28 U.S.C. § 2254(a); *Wilson v. Corcoran*, 562 U.S. 1 (2010); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982); *Barclay v. Florida*, 463 U.S. 939 (1983), and a second bite at the ineffective assistance of appellate counsel claim in state court is not constitutionally mandated, this sub-claim is without merit.

**Ground Two: Ineffective Assistance of Appellate Counsel**

In his Second Ground for Relief, Gerth claims he received ineffective assistance of appellate counsel when his second appellate attorney, Mr. Hodge, did not raise all of the Second Set of Omitted Assignments of Error in the reopened direct appeal.

Omitted assignments of error two through six were pleaded as having been omitted as the result of ineffective assistance of appellate counsel in the second Application for Reopening. (SCR, ECF No. 5, PageID 323, et seq.)  The First District did not reach the merits of the second application because it found Ohio law does not provide for a second application for reopening. Gerth argued to the First District as he argues here that this is a misinterpretation of Ohio App. R. 26(B) which nowhere "specifically bar[s] the filing of an application to reopen based on a claim of ineffective assistance of new appellate counsel in a previously reopened appeal." However, the interpretation of a state rule of procedure is purely a matter of state law and the state courts' interpretation is binding on the federal courts.  "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  Even state law announced in the decision being reviewed is binding. *Bradshaw v. Richey*, 546 U.S. 74 (2005).  Here the First District relied on case authority from the Ohio Supreme Court.  Ohio App. R. 26(B) makes no provision for successive applications. *State v. Richardson*, 74 Ohio St. 3d 235 (1996).  Indeed, "there is no right to file successive applications for reopening" under App. R. 26(B). *State v. Twyford*, 106 Ohio St. 3d 176 (2005), *quoting State v. Williams,* 89 Ohio St. 3d 179, ¶ 12.  Once the issue of ineffective assistance has been raised and adjudicated, *res judicata* bars its relitigation. *State v. Cheren*, 73 Ohio St. 3d 137 (1995), following *State v. Perry*, 10 Ohio St. 2d 175 (1967).

Omitted Assignments of Error Two through Six were not raised in the first 26(B) application although they were available to be raised at that time.  Ohio has an applicable procedural rule and that rule was enforced against Gerth.  Ohio's doctrine of *res judicata* in

criminal cases, enunciated in *State v. Perry*, 10 Ohio St. 2d 175 (1967), is an adequate and independent state ground. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001).

Gerth claims (Reply, ECF No. 10, PageID 1140) that the Sixth Assignment of Error was raised in the first 26(B) application. However, that claim is close to disingenuous. In the first application Gerth asserted his trial attorney provided ineffective assistance of trial counsel by not objecting to the failure to merge the hit-skip counts. In his second application, he claimed he received ineffective assistance of trial counsel in twelve different ways, none of which relates to the failure to merge.

Therefore Gerth's Second Ground for Relief is procedurally defaulted as it relates to Omitted Assignments Two through Six.

**Omitted Assignment of Error One: The *Faretta* Issue**

Gerth claims that he was unconstitutionally denied his right of self-representation at trial and his right to effective assistance of appellate counsel when his first appellate attorney omitted this assignment of error. This sub-claim was, of course, presented in the first 26(B) application. Gerth claims he never received a decision on the merits of this claim, but this Court reads the First District's decision on the first 26(B) application differently. All three omitted assignments of error were plainly presented to the First District under a standard that asked them to decide if they were colorable claims of ineffective assistance of appellate counsel. The First District only

discussed the third omitted assignment and found it to be colorable. It did not discuss omitted assignments one and two, but that does not mean it did not decide that they did not meet the standard for reopening, i.e., that they were not colorable.

When a federal claim is fairly presented but not addressed, "a federal habeas court must presume that the federal claim was adjudicated on the merits. . ." *Ross v. Pineda*, 2013 U.S. App. LEXIS 25481 (6th Cir. 2013), quoting *Johnson v. Williams*, 133 S. Ct. 1088, 1096 (2013).

> "A state court's determination that a claim lacks merit precludes federal habeas relief so long as "fair-minded jurists could disagree" on the correctness of the state court decision," *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). The state court decision must be "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *White v. Woodall,* 572 U.S. ___, ___ (2014), slip op. at 4.
>
> When the claim at issue is one for ineffective assistance of counsel, moreover, AEDPA review is "doubly deferential," *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011), because counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment," *Burt v. Titlow*, 571 U.S. ___, ___ (2013), slip op. at 9)(quoting *Strickland v, Washington*, 466 U.S. 668, 690 (1984); internal quotation marks omitted). In such circumstances, federal courts are to afford "both the state court and the defense attorney the benefit of the doubt." at ___ (slip op. at 1).

*Woods v. Etherton*, 578 U.S. ___, 136 S. Ct. 1149 (2016)(per curiam).

In arguing the merits of the *Faretta* claim, Gerth points first to his November 2, 2011, Motion to Dismiss his second court-appointed counsel, Norm Aubin (SCR, ECF No. 5, PageID 104). At no place in that document does he mention self-representation; instead, he asks for appointment of a third attorney. He moved again on December 14, 2011, to remove Aubin and again appoint new counsel. *Id.* at PageID 108, et seq. The first place at which he claims he requested self-representation is during a hearing on March 12, 2012. Gerth states he does not

want Aubin any longer, but "will be glad to take a public defender, Tim Cutcher or Daniel Burke." (SCR, ECF No. 5-7, PageID 551.) He repeats that request at PageID 552. Judge Nadel makes it clear that Gerth's issues with counsel have been discussed before. He noted that the last time there had been a hearing, Gerth had to be ejected from the courtroom for being disorderly. *Id*. at PageID 555. Only then does Gerth say "I would like to fire him and waive my right to counsel." *Id.* at PageID 555-56. At that time the case was set for trial on April 2, 2012, or about ten days later.

On the morning of trial after a jury was selected, Gerth said orally he wanted to exercise his "right under US versus Farretta to proceed pro se." *Id.* at PageID 564. However, Gerth proceeded to read a motion for evidentiary hearing and made it clear he was not prepared to proceed to trial at that time. (E.g., "this case, though ripe for an impartial evidentiary hearing, it not nearly ready for trial in the interests of justice." *Id*. at PageID 571. ) He argued that because Judge Nadel would not replace Mr. Aubin, "the Judge Nadel leaves the defendant no alternative except to exercise defendant's constitutional right to voluntarily, knowingly and intelligently elect to proceed pro se." *Id.* at PageID 579.

Judge Nadel then proceeded to recite that the incident in suit had occurred over a year before. *Id.* at PageID 580. He noted that Mr. Aubin had replaced Attorney Bernard Mundy and was an extremely competent attorney who had handled capital cases. He noted that the case had been set for trial a number of times, including December 2011 and February 2012. *Id.* at PageID 581. He noted that self-representation would require a further continuance. Commenting on the Court Clinic's report, he noted that Gerth had been found to be paranoid, to have occasional hallucinations, and to have an anti-social personality disorder. He displayed poor impulse control and had a history of dyslexia and psychiatric hospitalizations. *Id*. at PageID 583. Gerth

had a history of substance abuse addiction and appeared to be "overly focused on the potential conspiracies in the court system." Judge Nadel found the request was not timely made and was "an attempt by the defendant to further delay this trial. . . . He has been disruptive in the past hearings." [At this point, Gerth attempted to interrupt.] The judge again noted the request was not timely made and found the defendant was not competent to waive counsel. *Id.* at PageID 585.

A criminal defendant is entitled to effective assistance of counsel on appeal as well as at trial, counsel who acts as an advocate rather than merely as a friend of the court. *Evitts v. Lucey*, 469 U.S. 387 (1985); *Penson v. Ohio*, 488 U.S. 75 (1988); *Mahdi v. Bagley*, 522 F.3d 631, 636 (6th Cir. 2008). The *Strickland* test applies to appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Burger v. Kemp*, 483 U.S. 776 (1987). To evaluate a claim of ineffective assistance of appellate counsel, then, the court must assess the strength of the claim that counsel failed to raise. *Henness v. Bagley*, 644 F.3d 308 (6th Cir. 2011), *citing Wilson v. Parker*, 515 F.3d 682, 707 (6th Cir. 2008). Counsel's failure to raise an issue on appeal amounts to ineffective assistance only if a reasonable probability exists that inclusion of the issue would have changed the result of the appeal. *Id.*, *citing Wilson.* If a reasonable probability exists that the defendant would have prevailed had the claim been raised on appeal, the court still must consider whether the claim's merit was so compelling that the failure to raise it amounted to ineffective assistance of appellate counsel. *Id., citing Wilson.* The attorney need not advance every argument, regardless of merit, urged by the appellant. *Jones v. Barnes*, 463 U.S. 745, 751-752 (1983)("Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues.") Effective appellate advocacy is rarely characterized by presenting every non-frivolous argument which can be made. *Joshua v. DeWitt*, 341 F.3d 430, 441 (6th Cir.

2003); *Williams v. Bagley*, 380 F.3d 932, 971 (6th Cir. 2004), *cert. denied,* 544 U.S. 1003 (2005); *see Smith v. Murray*, 477 U.S. 527 (1986).

The question facing this habeas corpus court on the *Faretta* issue is not whether Attorney Hodges provided ineffective assistance of appellate counsel by not raising it, but whether the First District's rejection of the claim is so erroneous as to be beyond disagreement among fair-minded jurists. *Harrington*, *supra.*

The right to self-representation is not absolute. *Martinez v. Ct. of Appeal of Cal., Fourth App. Dist.*, 528 U.S. 152, 161 (2000). The right can be forfeited by attempting to exercise it on the morning of trial because the state court found the request was untimely and granting it would have disrupted, unduly inconvenienced, and burdened the administration of the court's business. *Hill v. Curtin*, 792 F.3d 670 (6th Cir. 2015)(*en banc*). In this case the trial date was already well past Ohio's presumptive speedy trial limit of nine months and a jury had already been selected. In his current pleadings, Gerth does not dispute Judge Nadel's observation that allowing Aubin to withdraw would have required yet another continuance.

Secondly, Gerth had already shown himself to be disruptive and likely to act on impulse; indeed, he even interrupted Judge Nadel's ruling on his motion.

> [A] defendant wishing to represent himself may not use the right for the purpose of disrupting the proceedings, and must be willing to follow courtroom procedure and protocol. *Faretta*, 422 U.S. at 834 n.46; *United States v. Lopez-Osuna*, 232 F.3d 657, 665 (9th Cir. 2000)* (holding defendant's request to represent himself may be denied when he is unable or unwilling to adhere to rules of procedure and courtroom protocol); *United States v. Frazier-El*, 204 F.3d 553, 559 (4th Cir. 2000)* (stating that "the *Faretta* right to self-representation is not absolute, and the government's interest in ensuring the integrity and efficiency of the trial at times outweighs the defendant's interest in acting as his own lawyer"); *United States v. Brock*, 159 F.3d 1077, 1079 (7th Cir. 1998)* (finding that "when a defendant's obstreperous behavior is so disruptive that the trial

> cannot move forward, it is within the trial judge's discretion to require the defendant to be represented by counsel").

*Ahmed v. Houk*, 2014 U.S. Dist. LEXIS 81971, *101-102 (S.D. Ohio 2014).

Third, Judge Nadel had psychiatric evidence supporting his conclusion that Gerth was not competent to waive counsel. In his Reply, Gerth mentions other evidence which cuts in the opposite direction, e.g., his GED in 1992 and the finding that he was competent to stand trial. However, a person competent to be tried is not necessarily competent to represent himself. *United States v. Carradine*, 621 F.3d 575, 578 (6th Cir. 2010), *citing Indiana v. Edwards*, 554 U.S. 164 (2008).

Considering all of these factors, competent appellate counsel could readily have decided that the *Faretta* issue was not a likely winner. The First District in viewing the same record could quite reasonably have decided the *Faretta* issue was not a colorable claim of ineffective assistance of appellate counsel.

Therefore the Faretta claim, although preserved for review under 28 U.S.C. § 2254(d)(1), is without merit and should be dismissed.

**Ground Three: Insufficient Evidence**

In his Third Ground for Relief, Gerth claims he was convicted on legally insufficient evidence. The factual basis of this Ground for Relief is stated in the Petition as follows:

> In this case, charges resulted from a single accident in which two people died. Four eyewitnesses described Gerth, who is white, to police as a black man. Evidence of Gerth purportedly being under the influence would have meant he could not knowingly appreciate the possible consequences of his conduct. Further, had it not been for an improper police chase, no accident would have occurred.

> Additionally, the SUV owner could only assume that her vehicle
> was stolen, and there was no evidence explaining how Gerth
> obtained the SUV. To conclude that the SUV was stolen and that
> Gerth somehow knew or should have known that when coming
> upon it requires believing an inference upon an inference. This was
> too great of a leap under the reasonable doubt standard.

(Petition, ECF No. 1, PageID 35.)

The Warden asserts this entire Third Ground for Relief is procedurally defaulted, noting that the only insufficient evidence claim made in the First District was that Gerth did not act knowingly so as to commit felony murder because he was intoxicated. That claim was rejected by the First District and not pursued in the Ohio Supreme Court where instead he blamed the crash on vehicle malfunction and an improper police chase (Return, ECF No. 6, PageID 1100-03). The second insufficient evidence claim is argued to be procedurally defaulted because Gerth argued in the First District that there was no evidence of how he came into possession of the vehicle.

Gerth admits that his second insufficient evidence claim is defaulted because it was never presented to the Ohio Supreme Court (Reply, ECF No. 10, PageID 1155).

On the other hand, Gerth argues his first insufficiency of the evidence claim was preserved in the Ohio Supreme Court by the argument he made there that it was not his actions alone that cause the deaths of the victims, but a combination of mechanical failure to the stolen vehicle and the improper high speed police chase that cause the malfunction (Reply, ECF No. 10, PageID 1156).

The Magistrate Judge disagrees. In the First District, he argued he did not act knowingly in committing these crimes because he was intoxicated. That is a long way from claiming the victims would not have been killed but for the fault of others, to wit, the vehicle designer and the

police.

Gerth attempts to excuse this procedural default by pointing out that the attorney who presented the intoxication claim was later found to have provided ineffective assistance of appellate counsel. While that is true, he was never found to have provided ineffective assistance in the way he pleaded the insufficiency of the evidence claim. Indeed, that was not alleged as a deficiency in his performance in either the first or the second 26(B) application. In order for ineffective assistance of appellate counsel to act as excusing cause for a procedural default, it must first be properly presented to a state court which can adjudicate that claim. *Edwards v. Carpenter*, 529 U.S. 446 (2000).

**Conclusion**

In accordance with the foregoing analysis, it is respectfully recommended that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

August 7, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).