# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

MARK GERTH,

        Petitioner,       :    Case No. 1:16-cv-598

  - vs -                        District Judge Susan J. Dlott
                                    Magistrate Judge Michael R. Merz

JAMES HAVILAND, Warden,
  Correctional Institution,

                                  :

        Respondent.

# SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought by Petitioner with the assistance of counsel pursuant to 28 U.S.C. § 2254. The case is before the Court on Petitioner's Objections (ECF No. 17) to the Magistrate Judge's Report and Recommendations ("Report," ECF No. 14) which recommended dismissal with prejudice. District Judge Dlott has recommitted the matter to the Magistrate Judge for reconsideration in light of the Objections (ECF No. 18). The Warden had the right under Fed. R. Civ. P. 72(b)(2) to respond to the Objections by September 11, 2017, but has filed no response.

**General Objection**

Petitioner begins with a General Objection which reads in its entirety "Gerth objects to each and every finding of fact and conclusion of law in the Order [sic] and Report and

1

Recommendation which is adverse to Gerth's claims for relief." (ECF No. 17, PageID 1197.) This general objection should be ignored by the Court. Only specific objections are preserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987). The district court need not provide *de novo* review where objections to a magistrate judge's report and recommendations are frivolous, conclusive, or general. Parties have a duty to pinpoint portions of the report that the Court should consider. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). If a party files a general objection and incorporates other papers by reference and that approach undermines the purposes of the Magistrate's Act, that party will have waived the right to appeal. *Neuman v. Rivers*, 125 F.3d 315 (6th Cir. 1997).

**Ground One**

Petitioner's First Ground for Relief reads:

> When an Ohio Court of Appeals reopens a direct appeal pursuant to Ohio App. R. 26(b)(5) and proceeds pursuant to Ohio App. R. 26(b)(7) as on an initial appeal with new appellate counsel representing the criminal defendant, the defendant is constitutionally entitled to the effective assistance of new appellate counsel.

(Petition, ECF No. 1, PageID 2.) In the Report, the Magistrate Judge wrote that this abstract proposition of law was correct. Indeed, Respondent did not contest it (Report, ECF No. 14, PageID 1180).

The difficulty with Petitioner's position is he alleges Ohio violated his right to the effective assistance of appellate counsel when it did not give him a forum in which to raise ineffective assistance of appellate counsel claims as to his second appellate attorney.

2

After his first direct appeal was unsuccessful, he filed an application for reopening under Ohio R. App. P. 26(B) which was granted. His new attorney then did not raise all the assignments of error he believes should have been raised on the reopened appeal. To raise claims of ineffective assistance of appellate counsel regarding his second attorney on his first appeal, he filed a second 26(B) application which the appellate court refused to consider, holding that "App. R. 26(B) makes no provision for a successive application." *State v. Gerth*, Case No. C-120392 (1st Dist. Apr. 13, 2015)(unreported, copy at State Court record ECF No. 5, PageID 393-94), citing *State v. Twyford*, 106 Ohio St. 3d 176 ((2005), and *State v. Peeples*, 73 Ohio St. 3d 149 (1995).

The question of whether or not Ohio law provides a litigant with a second opportunity to raise ineffective assistance of appellate counsel claims is just that – a question of Ohio law, not federal law. In the Petition, Gerth's counsel spend considerable effort distinguishing the Ohio Supreme Court cases on which the First District relied (ECF No. 1, PageID 22-23). But whether the First District was right or wrong in its application of Ohio precedent is a matter of Ohio law. A federal habeas court is bound by state court decisions on questions of state law, even if they are made in the very case in which relief is sought. "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Railey v. Webb*, 540 F.3d 393 (6th Cir. 2008), *quoting Bradshaw v. Richey*, 546 U.S. 74, 76 (2005)("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."); *Maldonado v. Wilson*, 416 F.3d 470 (6th Cir. 2005); *Vroman v. Brigano*, 346 F.3d 598 (6th Cir.

2003); *Caldwell v. Russell*, 181 F.3d 731, 735-36 (6th Cir. 1999); *Duffel v. Dutton*, 785 F.2d 131, 133 (6th Cir. 1986).

It is unquestionably true that a criminal defendant has the right to effective assistance of counsel on his or her first direct appeal of right. But Gerth's argument goes further to assert Ohio was obliged to provide him with a forum in which to raise that right (Petition, ECF No. 1, PageID 24, citing *Evitts v. Lucey*, 469 U.S. 387 (1985)). That is not the holding of *Evitts*. As the Report notes, Petitioner has failed to cite any clearly established Supreme Court precedent that holds a State must provide a forum in which to raise ineffective assistance of appellate counsel claims at all, much less a second opportunity to raise such claims (ECF No. 14, PageID 1182). In fact, the Supreme Court has repeatedly held that the States need not provide even for direct appeal at all. *McKane v. Durston*, 153 U.S. 684 (1894), cited as still good law in *Lopez v. Wilson*, 426 F.3d 339, 355 (6th Cir. 2005); *Halbert v. Michigan*, 545 U.S. 605 (2005). "Due process does not require a State to provide appellate process at all." *Goeke v. Branch*, 514 U.S. 115, 120 (1995).

The fact that Gerth is without a state forum to raise his ineffective assistance of appellate counsel claims does not mean he is without a remedy. Federal habeas corpus remains available to any prisoner who is deprived of his or her liberty pursuant to a conviction infected with constitutional error, including ineffective assistance of appellate counsel. Indeed, when the state courts refuse to entertain such claims, the habeas court considers them *de novo*.

Gerth's Objections point to no clearly established Supreme Court precedent that would compel a State to provide a forum for ineffective assistance of appellate counsel claims, even a first opportunity. In response to the Report's claim that Gerth's unheard ineffective assistance of

4

appellate counsel claims can be raised in habeas, Gerth notes that the Report recommends dismissing Ground Two on omitted assignments of error Two through Six as procedurally defaulted (Objections, ECF No. 17, PageID 1202). But the Report did not suggest that those claims were not cognizable in habeas or that this Court's review would not be *de novo*. The fact that a litigant has an available forum does not eliminate affirmative defenses to claims raised in that forum.

It is therefore again respectfully recommended that the First Ground for Relief be dismissed for failure to state a claim upon which habeas corpus relief can be granted.

**Ground Two**

**First Objection: Omitted Assignments of Error Two through Six**

In his Second Ground for Relief, Gerth asserts he received ineffective assistance of appellate counsel when his second appellate attorney failed to raise "six meritorious assignments of error." (Petition, ECF No. 1, PageID 24.) The Report found that merits review of omitted assignments of error two through six was barred by Gerth's failure to present them to the First District in his first 26(B) application (Report, ECF No. 14, PageID 1184).

Gerth objects by again distinguishing the Ohio Supreme Court precedent on which the First District relied in dismissing the second 26(B) application (Objections, ECF No. 17, PageID 1205-07). He notes that in Ohio res judicata does not always bar relitigation of issues. *Id.* at PageID 1206-07, citing Ohio case law, largely unpublished. Again, the question of whether

5

Ohio res judicata law applies to assignments of error raised for the first time in a second 26(B) application is a question of Ohio law, not federal law. If the First District was wrong that Ohio res judicata law applied here, Gerth was free to raise that claim on appeal to the Ohio Supreme Court or indeed to the First District on a request for reconsideration.

The Report found omitted assignments of error two through six procedurally defaulted by a straightforward application of the analysis required by the Sixth Circuit:

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen,* 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under Sykes that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord, Hartman v. Bagley*, 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002). Ohio has a relevant procedural rule, the res judicata doctrine established by *State v. Perry*, 10 Ohio St. 2d 175 (1967). The res judicata rule was enforced by the First District on *Gerth* in this case, and has been repeatedly upheld as an adequate and independent state ground of decision by the Sixth Circuit. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486,

521-22 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001). Although a procedural default can be excused by showing cause and prejudice, Gerth has made no such showing, In particular, he cannot excuse his failure to include these omitted assignments of error in his first 26(B) application by claiming ineffective assistance of appellate counsel since he was not entitled to the assistance of counsel in preparing that application.

**Second Objection: Omitted Assignment of Error One**

In his First Omitted Assignment of Error which was raised in his first 26(B) application, Gerth asserts trial court error in denying him the right to self-representation and ineffective assistance of appellate counsel for failing to present this claim on direct appeal. In his Petition, Gerth claimed he never received a decision on this claim on the merits. The Report disagreed, reasoning that the claim had been plainly presented to the First District and that Supreme Court precedent required us to read the First District's silence on the claim as having rejected it (Report, ECF No. 14, PageID 1186). The Report then analyzed the merits of Gerth's *Faretta* claim and concluded it was not so strong as to have been a sure winner and therefore the First District's silent denial of Gerth's claim of ineffective assistance of appellate counsel for failure to raise the *Faretta* claim was not an objectively unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984). *Id.* at PageID 1189-90.

In his Objections, Gerth emphasizes the many ways in which he expressed his dissatisfaction with his appointed trial attorney and his desire to have him replaced. But it was

only in close proximity to trial that Gerth coupled that with a request to represent himself. The Report observed that granting the self-representation request would have required a trial continuance when the case had already been pending long past the Ohio statutory speedy trial limit. Gerth objects that he would not have objected to a trial continuance (Objections, ECF No. 17, PageID 1212). That is what he says now, but there is no record reference to his having said that at the time. He also objects to Judge Nadel's having relied on one incident of disruptive behavior and claims he did not act disruptively at the March 12, 2012, hearing. *Id.* If a trial judge is face with disruption at one short hearing and non-disruption at another short hearing, which should he project is likely at a trial where it is likely witnesses will say things the defendant will find upsetting?

The Report also noted that Judge Nadel had some information regarding Gerth's psychiatric condition on which he relied to find Gerth was not competent to waive representation (ECF No. 14, PageID 1190). The Objections argue that Judge Nadel's reasoning on this point is misleading. The Objections also fault Judge Nadel for not conducting a proper *Faretta* hearing and the Report for not taking this into account (ECF No. 17, PageID 1213).

The question before this Court is not whether Judge Nadel conducted a flawless *Faretta* proceeding. Instead, the question is whether an appellate victory on this issue was so likely that failure to include it constituted ineffective assistance of appellate counsel. In the Magistrate Judge's opinion, it did not. What the trial judge experienced was a last-minute demand for self-representation made by a person who had been volatile and disruptive in the courtroom. Under these circumstances, it seems very unlikely the First District would have reversed for failure to ask the formulaic questions suggested for a *Faretta* inquiry. This question is sufficiently close,

however, that Gerth should be granted a certificate of appealability on it.

In sum, it is again respectfully recommended that the Second Ground for Relief be dismissed with prejudice, but that Gerth be granted a certificate of appealablity on his *Faretta* claim.

**Ground Three: Insufficient Evidence**

In his Third Ground for Relief, Gerth claims he was convicted on constitutionally insufficient evidence. The Report notes that the asserted factual bases of this claim were failure to prove essential elements of several of the crimes of which Gerth was convicted.

An allegation that a verdict was entered upon insufficient evidence states a claim under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Jackson v. Virginia*, 443 U.S. 307 (1979); *In re Winship*, 397 U.S. 358 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders*, 894 F.2d 792, 794 (6th Cir. 1990)(en banc). In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt. *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . . This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson*, 443 U.S. at 319; *United States v. Paige*, 470 F.3d 603, 608 (6th Cir. 2006); *United States v. Somerset*, 2007 U.S. Dist. LEXIS 76699 (S.D. Ohio 2007). To put it another way, there

9

must be sufficient evidence on every element of the offense of conviction; absence of sufficient evidence on even one element of the crime will defeat the conviction.

In his Petition, Gerth asserted the absence of sufficient evidence on particular elements of the crimes of conviction. For example, Gerth was convicted of receiving stolen property because the SUV he was driving when the fatal accident occurred was not his. He claimed in this Ground for Relief there was no proof the SUV was stolen. The Report concluded this sub-claim was procedurally defaulted because it was never raised anywhere in the state courts. Gerth concedes on this sub-claim (Reply, ECF No. 10, PageID 1155); (Objections, ECF No. 17, PageID 1214).

Gerth had argued in the First District that he could not have been convicted of knowingly acting during the course of his criminal conduct because he was intoxicated. The First District ruled against him on this claim and the Report found he did not pursue it in the Ohio Supreme Court, meaning this sub-claim was procedurally defaulted. In his Reply, Gerth had responded to the procedural default defense by claiming he preserved this claim (that he did not act knowingly) by asserting in the Ohio Supreme Court that the victims would not have been killed but for (1) the mechanical failure(s) of the SUV and (2) the improper police chase. The Report rejected this argument, reasoning that presenting a claim of lack of causation is not the same presenting a claim that one did not act knowingly (Report, ECF No. 14, PageID 1191-92).

Gerth objects by quoting at length from his Memorandum in Support of Jurisdiction in the Ohio Supreme Court:

> In this case, it is not the actions of the Appellant alone which caused the victim's deaths. If it had not been but for the mechanical failure resulting from the improper Police chase, no deaths would have occurred. . . .

> Imagine a picture in which all the participants of this case were lined up at the edge of a cliff, the victims at the edge, the Appellant in the middle, and the Toyota Motor Corporation and Cincinnati Police at the rear. What has occurred in this case is tantamount to the Police and Toyota pushing this Appellant into the Victims, who then fell to their deaths.

(Objections, ECF No. 17, PageID 1215, quoting Memorandum in Support of Jurisdiction, State Court Record, ECF No. 5, Ex. 24, PageID 164-66.) This is an argument about lack of proof of causation, not lack of proof of the element of acting knowingly. Arguing to the Ohio Supreme Court on the causation element does not preserve the claim of lack of proof of acting knowingly.

It is therefore again respectfully recommended that the Third Ground for Relief be dismissed with prejudice.

**Conclusion**

Based on the foregoing analysis, it is again recommended that the Petition be DISMISSED WITH PREJUDICE. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability except as to his *Faretta* claim. He should be permitted to proceed *in forma pauperis* on appeal.

September 14, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge

11

# 'NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).