IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

MARK GERTH,

           Petitioner,    :    Case No. 1:16-cv-598

- vs -    District Judge Susan J. Dlott
    Magistrate Judge Michael R. Merz

JAMES HAVILAND, Warden,
  Correctional Institution,

           :

           Respondent.

# DECISION AND ORDER

This habeas corpus case is before the Court on Petitioner's Objections (ECF Nos. 17 & 20) and the Warden's Objections (ECF No. 21) to the Magistrate Judge's original Report and Recommendations (ECF No. 14) and Supplemental Report and Recommendations on recommit (ECF No. 19). Petitioner has responded to the Warden's Objections (ECF No. 22).

Pursuant to Fed. R. Civ. P. 72(b)(3), the Court has reviewed de novo all portions of the Reports and Recommendations to which specific objection was made. Gerth's "General Objection" does not qualify as an objection under Fed. R. Civ. P. 72.

**Ground for Relief One: Right to a State Court Remedy for Ineffective Assistance of Counsel on a Reopened Appeal**

The Magistrate Judge concluded Gerth's First Ground for Relief was without merit

1

because there is no United States Supreme Court precedent holding, as a matter of due process of law, that a State must provide a forum to raise a claim of ineffective assistance of appellate counsel. Gerth's Objections do not cite any such precedent. Instead, Gerth relies on *Evitts v. Lucey*, 469 U.S. 387 (1985), for the proposition that if a State provides an appeal at all, that appellate process must accord with the Due Process Clause. That proposition is unexceptionable. If a State provides a direct appeal process, then the appellant is entitled to effective assistance of counsel on that appeal. For example, counsel must be appointed on appeal of right for indigent criminal defendants. *Douglas v. California*, 372 U.S. 353 (1963); *Anders v. California*, 386 U.S. 738 (1967); *United States v. Cronic,* 466 U.S. 648 (1984). When it does provide a right to appeal, the State cannot discriminate against the poor by failing to provide the necessary transcript. *Griffin v. Illinois*, 351 U.S. 12 (1956). These are all aspects of due process that the Supreme Court has held are required if a State decides to have direct appeals at all.

But the Supreme Court has never held that a State must, as a matter of due process, provide a forum in which to raise a claim of ineffective assistance of appellate counsel, much less a second opportunity to raise such a claim. Gerth says the Magistrate Judge's

> holding ignores the procedural history in this case because Gerth is not seeking a second opportunity or second forum to raise ineffective assistance of his original appellate counsel , but instead sought an initial opportunity to raise ineffective assistance of appellate counsel representing him in the reopened appeal.

(Objections, ECF No. 20, PageID 1233.) On the contrary, the Magistrate Judge recognized that was what Gerth was seeking and held that Ohio law, as enunciated by the First District in this very case, does not provide a forum to raise that claim (Report, ECF No. 14, PageID 1182;

2

Supplemental Report, ECF No. 19, PageID 1221).

Even if this Court believed that the Due Process Clause of the Fourteenth Amendment required States to provide a forum every time an appellant claims ineffective assistance of appellate counsel, Mr. Gerth's First Ground for Relief would be without merit because this Court is not empowered to set aside a conviction in habeas corpus unless the state court's decision is contrary to or an objectively unreasonable application of Supreme Court precedent. 28 U.S.C. § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362, 412 (2000). In other words, we cannot declare a new constitutional right in a habeas case.

Gerth's Objections as to Ground One are overruled.

**Ground Two: Omitted Assignments of Error Two Through Six**

The First District Court of Appeals found these five assignments of error barred by res judicata because they could have been but were not raised previously. Gerth objects that "[i]n Ohio, the doctrine of res judicata does not always bar relitigation of certain issues, making it an inadequate ground for denying habeas relief." (Objections, ECF No. 20, PageID 1240). However, the Sixth Circuit has repeatedly held to the contrary *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994).

**Ground Two: Omitted *Faretta* Assignment**

Because most of Gerth's pre-trial complaints about his appointed attorneys were in support of requests for replacement, rather than to proceed *pro se*, the Magistrate Judge concluded his *Faretta* assignment of error was not so strong as to make it ineffective assistance of appellate counsel to fail to raise it, but concluded this was a sufficiently close question to merit a certificate of appealability (Supplemental Report, ECF No. 19). Gerth objects on the merits and the Warden objects to the grant of a certificate of appealability.

Having reviewed the matter *de novo*, the Court concludes neither objection is well-taken. The question on the merits is not whether the trial court conducted an error-free *Faretta* determination, but whether the issue was a likely winner on appeal. Because the trial judge relied in part on a psychiatric determination of Gerth's competence and in part on his prior disruption of proceedings, the Magistrate Judge correctly determined that the *Faretta* issue was not a likely winner on appeal. Because the question is close, reasonable jurists could disagree on its resolution. The Warden's Objection reiterates Respondent's claims on the merits, but does not demonstrate that the issue is not at least debatable among reasonable jurists.

**Ground Three: Legally Insufficient Evidence**

For the reasons given by the Magistrate Judge, this Ground is procedurally defaulted.

**Conclusion**

The Court OVERRULES the Objections of both Petitioner and the Respondent. The Clerk will enter judgment dismissing the Petition with prejudice. Petitioner is GRANTED a certificate of appealability on his *Faretta* claim, but a certificate of appealability is DENIED on all other claims. Petitioner has leave to appeal *in forma pauperis*.

October 6, 2017.

                                                        S/Susan J. Dlott_____
                                                          Susan J. Dlott
                                                    United States District Judge